IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| **JIM L. TOWNSEND** | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-2025-TLP-tmp |
| | ) | |
| **UNITED STATES OF AMERICA, et al.**, | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

_____

REPORT AND RECOMMENDATION
_____

On January 9, 2018, *pro se* plaintiff Jim L. Townsend filed a complaint seeking relief under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., and 28 U.S.C. § 1331. (ECF No. 1.) Townsend paid the $400.00 civil filing fee but, because he appeared to be incarcerated, his case was assigned to the Pro Se Prisoner scheduling track. (ECF No. 3.) Townsend was apparently released from prison at some point in January 2018. District Judge Thomas L. Parker designated the case Pro Se Non-Prisoner on October 9, 2018. (ECF NO. 58.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. (ECF No. 59.) The undersigned recommends that Townsend's complaint be dismissed without prejudice for failure to prosecute.

Because there appeared to be issues relating to service, the

undersigned ordered Townsend to show cause why his complaint should not be dismissed for failure to timely effect service of process. (ECF No. 60.) That Order, entered on February 27, 2019, directed Townsend to respond by no later than April 1, 2019. (Id. at 3.) The undersigned further warned Townsend that failure to timely respond may result in dismissal of his entire case without further notice. (Id.) As of April 8, 2019, no response has been filed.

An action may be dismissed if the plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication on the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotations omitted).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir.

2005) (citing Knoll, 176 F.3d at 363).  Based on these factors, the undersigned submits that dismissal of Townsend's complaint is appropriate.

First, Townsend's failure to prosecute is willful; Townsend has failed to respond to the court's order to show cause, and has not offered any explanation for his failure to do so.  In fact, Townsend has not taken any action in this case since returning several "Alias Summonses" in September 2018.  Second, it does not appear that any of the defendants have been prejudiced by Townsend's failure to prosecute as they have not been properly served and no party has entered a notice of appearance or otherwise taken any action in this court.  Third, Townsend has been warned that his case could be dismissed if he failed to comply with the court's orders.  Fourth, while less drastic measures have been considered, the court finds that, under the present circumstances, no sanction short of dismissal will cure Townsend's failure to prosecute this matter.  For these reasons, the undersigned recommends that Townsend's complaint be dismissed without prejudice for failure to prosecute.  See Fed. R. Civ. P. 41(b); Wu, 420 F.3d at 643.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 8, 2019
Date

-3-

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**